Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Kathleen DeLaney, State Bar No. 196376
kdelaney@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371
Facsimile: (510) 900-9381

Gene A. Weisberg, State Bar No. 91544
gweisberg@gladstoneweisberg.com
GLADSTONE WEISBERG, ALC
300 Corporate Pointe, Suite 400
Culver City, CA 90230
Telephone: (310) 821-9000
Facsimile: (310) 943-2764

Attorneys for FEDERAL INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware limited corporation,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation<br><br>Defendant. | Case No. 2:21-cv-06975-RGK-MAA<br><br>**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL INSURANCE COMPANY**<br><br>Complaint served: September 2, 2021 |

Defendant Federal Insurance Company ("Federal") responds to the allegations contained in Plaintiff's Complaint (ECF No. 1) ("Complaint") as follows:

## NATURE OF THIS LAWSUIT

1.  Federal denies the allegations contained in paragraph 1 of the Complaint, except it admits that it issued an Inland Marine Policy No. 7997-43-91 (the "Policy") to Paramount Pictures Corporation, effective from September 3, 2019 to December 31, 2021.

2.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint regarding production delay. Federal denies the remaining allegations contained in paragraph 2 of the Complaint.

3.  Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint regarding the extent of Paramount's losses. Federal denies the remaining allegations contained in paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4.  Federal admits that this Court has subject matter jurisdiction.

5.  Federal admits that the Court has personal jurisdiction over Federal.

6.  Federal admits that venue is proper in this district. Federal denies the remaining allegations contained in paragraph 6 of the Complaint as stated.

## THE PARTIES

7.  Federal admits that Paramount is the studio behind the picture *Mission Impossible 7*. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 7 of the Complaint and therefore denies those allegations.

8.  Federal admits the allegations contained in paragraph 8 of the Complaint.

9.  Federal admits that it is a member of the "Chubb group of insurance

companies," which is merely a descriptive phrase used to describe several separately capitalized insurance companies under common ownership. Federal further responds that it is a wholly owned subsidiary of Federal Insurance Company, which is 80% owned by Chubb Group Holdings Inc. and 20% owned by Chubb Limited. Chubb Group Holdings Inc. is a wholly owned subsidiary of Chubb Limited.

10.   Federal admits that a website is maintained. The content on the website referenced by Plaintiff in paragraph 10 of the Complaint speaks for itself. Federal denies the remaining allegations contained in paragraph 10 of the Complaint in that they are incomplete and inaccurate as to the content of the website.

11.   The content on the website referenced by Plaintiff in paragraph of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

12.   The content on the website referenced by Plaintiff in paragraph 12 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

13.   The content on the website referenced by Plaintiff in paragraph 13 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

14.   The content on the website referenced by Plaintiff in paragraph 14 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

15.   The content on the website referenced by Plaintiff in paragraph 15 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

16.   The content on the website referenced by Plaintiff in paragraph 16 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

17.   The content on the website referenced by Plaintiff in paragraph 17 of

the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

## FEDERAL'S KNOWLEDGE OF THE RISK OF A PANDEMIC

18. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint and therefore denies those allegations. By way of further response, the content on the website referenced by Plaintiff in paragraph 18 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

19. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint and therefore denies those allegations. By way of further response, the content on the website referenced by Plaintiff in paragraph 19 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

20. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint and therefore denies those allegations. By way of further response, the content on the website referenced by Plaintiff in paragraph 20 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

21. Federal denies the allegations contained in paragraph 21 of the Complaint.

22. Federal denies the allegations contained in paragraph 22 of the Complaint that are directed at Federal, but is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 that are directed toward other insurers.

23. Federal is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 23 of the Complaint and therefore denies those allegations. By way of further response, the content on the website referenced by Plaintiff in paragraph 23 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

24. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint and therefore denies those allegations. By way of further response, the content on the website referenced by Plaintiff in paragraph 24 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

25. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 concerning other insurance companies. With respect to the allegations directed at "Chubb," Federal denies the allegations contained in paragraph 25 of the Complaint, except admits that it issued Plaintiff the Policy and refers to the Policy for its terms and conditions.

26. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and therefore denies those allegations. By way of further response, the content in the article referenced by Plaintiff in paragraph 26 of the Complaint speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

27. Federal denies the allegations contained in paragraph 27 of the Complaint, except admits that it issued Plaintiff the Policy and refers to the Policy for its terms and conditions.

## **THE POLICY**

28. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL INSURANCE COMPANY - CASE NO. 2:21-CV-06975-RGK-MAA

29. Federal admits that it issued Inland Marine Insurance Policy No. 7997-43-91 (the "Policy") for the stated period of September 3, 2019, to December 31, 2021. By way of further response, the content on the Policy speaks for itself, and Federal denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 29 of the Complaint, including any characterization of the Policy.

30. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 30 of the Complaint, including any characterization of the Policy.

31. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 31 of the Complaint, including any characterization of the Policy.

32. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 32 of the Complaint, including any characterization of the Policy.

33. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 33 of the Complaint, including any characterization of the Policy.

34. Federal responds that the Policy speaks for itself. Federal denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 34 of the Complaint, including any characterization of the Policy.

35. Federal responds that the Policy speaks for itself. Federal denies that the allegations contained in the Complaint are complete and accurate as to that content.

Federal denies the remaining allegations contained in paragraph 35 of the Complaint, including any characterization of the Policy.

36. Federal responds that the Policy speaks for itself. Federal denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 36 of the Complaint, including any characterization of the Policy.

37. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 37 of the Complaint, including any characterization of the Policy.

38. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 38 of the Complaint, including any characterization of the Policy.

39. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 39 of the Complaint, including any characterization of the Policy.

40. Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 40 of the Complaint, including any characterization of the Policy.

41. Federal responds that the Policy speaks for itself. Federal denies that the allegations contained in the Complaint are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 41 of the Complaint, including any characterization of the Policy.

## THE COVID-19 PANDEMIC AND THE ENSUING CIVIL AUTHORITY ORDERS

42. Federal admits the allegations contained in paragraph 42 of the Complaint.

43. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint and therefore denies those allegations.

43. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and therefore denies those allegations.

45. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and therefore denies those allegations.

46. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint and therefore denies those allegations.

47. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and therefore denies those allegations.

48. Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and therefore denies those allegations.

49. Federal admits that various orders of civil authority were issued at local and state levels in or around March 2020 arising out of the COVID-19 pandemic and Federal refers to those orders for their terms. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 49 of the Complaint and therefore denies those allegations.

50. Federal is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in paragraph 50 of the Complaint and therefore denies those allegations.

## FEDERAL'S BREACHES AND WRONGFUL CONDUCT

51.     Federal admits the allegations contained in paragraph 51 of the Complaint.

52.     Upon information and belief, Federal admits the allegations contained in paragraph 52 of the Complaint.

53.     Upon information and belief, Federal admits the allegations contained in paragraph 53 of the Complaint.

54.     Upon information and belief, Federal admits that, in or about October 2020, production shut down. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the Complaint and therefore denies those allegations.

55.     Upon information and belief, Federal admits that, on or after October 21, 2020, production was suspended. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint and therefore denies those allegations.

56.     Upon information and belief Federal admits that production was suspended in or around February 2021 in the UK. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 56 of the Complaint and therefore denies those allegations.

57.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and therefore denies those allegations.

58.     Upon information and belief, Federal admits that production was suspended in or around June 2021. Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 58 of the Complaint and therefore denies those allegations.

59. Federal denies the allegations contained in paragraph 59, except admits that Plaintiff provided Federal with certain information pertaining to its alleged losses.

60. Federal denies the allegations contained in paragraph 60, except admits that Plaintiff provided Federal with certain information pertaining to its alleged losses.

61. Federal admits that it responded to Plaintiff's information regarding alleged losses, but it denies that the allegations contained in the Complaint are complete and accurate as to that content or as to context. Federal denies the remaining allegations contained in paragraph 61 of the Complaint, including any characterization of Federal's communications with Plaintiff and refers to the correspondence for its terms.

62. Federal admits that it corresponded with Plaintiff regarding Plaintiff's alleged losses, but it denies that the allegations contained in the Complaint are complete and accurate as to that content or as to context. Federal denies the remaining allegations contained in paragraph 62 of the Complaint, including any characterization of those communications and refers to the correspondence for its terms.

63. Federal admits that it corresponded with Plaintiff regarding Plaintiff's alleged losses, but it denies that the allegations contained in the Complaint are complete and accurate as to that content or as to context. Federal denies the remaining allegations contained in paragraph 63 of the Complaint, including any characterization of those communications and refers to the correspondence for its terms.

64. Federal denies the allegations contained in paragraph 64 of the Complaint.

65. Federal denies the allegations contained in paragraph 65 of the Complaint except admits that Paramount is entitled to certain sums under the Cast

coverage provision arising out of a covered person's illness in February 2020, as well as the $1,000,000 limit of liability under the Civil Authority provision of the Policy, which already was paid by Federal on or about October 1, 2021.

66. Federal admits that on or about July 19, 2021, it made a payment to Plaintiff in the amount of $5,000,000 under the Cast coverage provision. By way of further response, Federal states that, on or about October 1, 2021, Federal made a payment to Plaintiff in the amount of $1,000,000 under the Civil Authority provision of the Policy. Moreover, Plaintiff recently has provided additional supporting information concerning the covered person's illness and Federal is reviewing that information to determine whether additional sums are owed under the Cast Coverage provision. Federal denies the remaining allegations contained in paragraph 66 of the Complaint, including any characterization of its communications regarding this payment.

## FIRST CAUSE OF ACTION

### (Breach of Contract e)

67. Federal re-adopts and re-alleges its responses to paragraphs 1 through 66 of the Complaint.

68. Federal denies the allegations contained in paragraph 68 of the Complaint.

69. Federal denies the allegations contained in paragraph 69 of the Complaint.

## SECOND CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

70. Federal re-adopts and re-alleges its responses to paragraphs 1 through 69 of the Complaint.

71. Paragraph 71 of the Complaint contains a statement of law as to which no response is required. To the extent a response is required, Federal states that, at all relevant times, it acted in good faith and dealt fairly with Paramount.

72. Paragraph 72 of the Complaint contains a statement of law as to which no response is required. To the extent a response is required, Federal states that, at all relevant times, it upheld the duty to honor the terms of insurance promised under the Policy.

73. Federal denies the allegation contained in paragraph 73 of the Complaint.

74. Federal denies the allegation contained in paragraph 74 of the Complaint.

75. Federal denies the allegation contained in paragraph 75 of the Complaint.

76. Federal denies the allegation contained in paragraph 76 of the Complaint.

77. Federal denies the allegation contained in paragraph 77 of the Complaint.

78. Federal denies the allegation contained in paragraph 78 of the Complaint.

## PRAYER

79. Federal denies that Plaintiff is entitled to any of the relief sought in the Complaint, and it denies that Plaintiff suffered any damage by reason of Federal's conduct.

## DEMAND FOR JURY TRIAL

80. Federal admits that Plaintiff is seeking a jury trial in this action. Federal denies that Plaintiff is entitled to a trial by jury to the extent not permitted by applicable law and/or the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

81. Federal asserts the following separate and additional affirmative defenses to the allegations and claims in the Complaint. Without assuming any burden of proof that it would not otherwise bear, Federal pleads all of the following

defenses in the alternative, and none constitutes an admission that Federal is in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief. If these are matters Plaintiff must prove, Federal does not waive its rights by asserting these matters as defenses. Each affirmative defense applies to all Counts and all claims for relief, unless otherwise specified in the defense.

### FIRST AFFIRMATIVE DEFENSE

82. The claims asserted by Plaintiff are not supported by California insurance law and/or California insurance regulations.

### SECOND AFFIRMATIVE DEFENSE

83. Coverage is not or may not be available for the claims against Federal based on, and/or coverage may be limited or barred by, the terms, exclusions, conditions, and limitations contained in the Policy.

### THIRD AFFIRMATIVE DEFENSE

84. The Cast coverage provision of the Policy provides, in part, as follows:

I. INSURING AGREEMENT

    A. We agree to pay to You such loss (as defined in Paragraph VI. DEFINITION OF LOSS below) as You shall directly and solely sustain by reason of any covered person(s) in connection with an insured production, being necessarily prevented by their death, injury, sickness or kidnapping occurring during the term of the insurance afforded by this Section, from commencing or continuing or completing their respective duties in an insured production.

\*\*\*

VI. DEFINITION OF LOSS

    1. Loss, as used in this Section, shall mean any extra expenditure You incur in completing an insured production over and above the expenditure which, but for the happening of any one or more of the occurrences specified in Paragraph I. INSURING

>AGREEMENT above, would have been incurred in completing said production. Extra expenditure refers to the same costs defined in Provision VII. DEFINITIONS. B. Net Insurable Production Costs, of the Policy Terms and Conditions.

(Policy Form 10-02-1749, pp. 11-14)

85. To the extent that no "covered person" was prevented by their death, injury, sickness or kidnapping from commencing or continuing or completing their respective duties in an insured production, Cast Coverage is not available..

## **FOURTH AFFIRMATIVE DEFENSE**

86. The Policy contains the following Civil Authority coverage provision:

I. INSURING AGREEMENT

    A. We will pay You such loss (as defined in Paragraph VII. DEFINITIONS OF LOSS below) as you shall sustain by reason of such extra expense as you incur in the event of the interruption, postponement or cancellation of an insured production as a direct result of damage to or destruction of property or facilities or threat thereof, caused by the perils insured against, occurring during the term of coverage (as defined in PARAGRAPH IV. TERMS OF COVERAGE below).

    B. Coverage is extended to include loss (as defined in PARAGRAPH VII. DEFINITION OF LOSS below) directly resulting from the following:

***

        2. The action of a Civil Authority that prohibits access to property or facilities occurring during the term of coverage subject to a maximum sublimit of liability shown in Item II(i). of the COVERAGE SCHEDULE under EXTRA EXPENSE in excess of Your applicable per occurrence Deductible….

(Policy Form 10-02-1749, pp. 15-18)

87. Costs incurred for COVID-19-related safety protocols are not directly resulting from an action of a Civil Authority that prohibits access to property or facilities. By virtue of the above-excerpted policy language, Plaintiff's recovery for

the claims asserted in this litigation is limited or barred in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

88.     The Policy also contains the following conditions:

VI.    GENERAL CONDITIONS

\*\*\*

F.    DUE DILIGENCE CLAUSE

You shall use due diligence and do and concur in doing all things reasonably practicable to avoid or diminish any loss or any circumstance likely to give rise to a loss or claim insured under this policy. It is agreed that this policy extends to indemnity [sic] You for Your loss and/or additional expenses and/or increased costs incurred by You to avoid or diminish any such loss or claim, subject to any Deductible stated on the COVERAGE SCHEDULE, provided, however, that in no circumstance shall Our maximum liability under this policy be greater than the increased costs and/or additional expenses incurred, or in any event exceed the limits of liability of this policy.

\*\*\*

M.    LOSS PROCEDURE

In case of a loss to which this insurance may apply, You shall see that the following duties are performed:

   1.   Protection of Property - Protect the property from further loss and take all reasonable steps possible to minimize the loss. If expenses are incurred in doing so, they shall be borne by Us, as described in Provision VI. GENERAL CONDITIONS, F. DUE DILIGENCE CLAUSE, of the Policy Terms and Conditions.

(Policy Form 10-02-1749, pp. 6, 8)

89.     By virtue of the above-excerpted policy language, Plaintiff's recovery for the claims asserted in this litigation is limited or barred in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

90.    The Policy also states that Federal's "limit of liability with respect to any one

1 loss, any one declared production shall not exceed the limit of liability stated on the
2 COVERAGE SCHEDULE. Any sublimits of liability do not increase the limit of
3 liability. The limit of liability is in excess of the deductibles stated on the
4 COVERAGE SCHEDULE." (Policy Form 10-02-1749, pp. 3)

91. By virtue of the above-excerpted policy language, Plaintiff's recovery for the claims asserted in this litigation is limited or barred in whole or in part.

### SEVENTH AFFIRMATIVE DEFENSE

92. In the event that this Court determines that sums are owed by Federal for "return-to-work" costs, additional premium may be owed under the PREMIUM PAYMENT AND AUDIT provisions of the Policy (Policy form 10-02-1749, p. 3)

### EIGHTH AFFIRMATIVE DEFENSE

93. The burden is on Plaintiff to prove its respective damages and the cause of its respective damages, in accordance with the terms and conditions of the Policy. To the extent Plaintiff is unable to do so, no coverage is or may be available for the claims against Federal.

### NINTH AFFIRMATIVE DEFENSE

94. Federal has not breached any duty to Plaintiff arising by statute, contract, tort, common law, or otherwise.

### TENTH AFFIRMATIVE DEFENSE

95. Plaintiff is barred from recovering any damages or other relief by reason of the lack of consideration that defeats the effectiveness of the alleged contract between the parties.

### ELEVENTH AFFIRMATIVE DEFENSE

96. Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred because Federal has complied with the terms of the insurance contract.

### TWELFTH AFFIRMATIVE DEFENSE

97. Federal presently has insufficient knowledge and information upon

which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses. Federal reserves its right to assert additional affirmative defenses in the event discovery or investigation indicates it would be appropriate.

WHEREFORE, Federal prays as follows:

1. That the Court enter judgment in Federal's favor and against Plaintiff;

2. That Plaintiff takes nothing by way of the Complaint;

3. That the Court adjudge, determine, and declare that Federal is not obligated to extend the Policy;

4. That the Court deny Plaintiff's request for punitive damages;

5. That the Court award Federal the costs of this litigation; and

6. For such other and further relief as the Court deems just and proper.

Dated: November 5, 2021     MOUND COTTON WOLLAN & GREENGRASS LLP

By: */s/ Kathleen M. DeLaney*
    Jonathan Gross
    Kathleen DeLaney
    Attorneys for Federal Insurance Company

Dated: November 5, 2021     GLADSTONE WEISBERG, ALC

By: */s/ Gene A. Weisberg*
    Gene A. Weisberg
    Attorneys for Chubb National Insurance Company