Jonathan Gross, State Bar No. 122010
jgross@moundcotton.com
Philip Silverberg, *pro hac vice*
psilverberg@moundcotton.com
Hilary M. Henkind, *pro hac vice*
hhenkind@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Telephone: (510) 900-9371
Facsimile: (510) 900-9381

Jennifer L. Keller, State Bar No. 84412
jkeller@kelleranderle.com
Jeremy W. Stamelman, State Bar No. 216097
jstamelman@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel.: (949) 476-8700
Fax: (949) 476-0900

*Attorneys for Defendant Federal Insurance Company*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>Defendant. | Case No. 2:21-cv-06975-RGK (MAA)<br>The Honorable R. Gary Klausner<br><br>**DECLARATION OF PHILIP SILVERBERG ISO JOINT STIPULATION TO REQUEST CONTINUANCE**<br><br>Complaint Filed: August 30, 2021<br>FAC Filed: January 19, 2022<br><br>Trial Date: September 13, 2022 |

1

DECLARATION OF PHILIP SILVERBERG ISO STIPULATION TO REQUEST CONTINUANCE

I, Philip Silverberg, declare as follows:

1. I am an attorney admitted *pro hac vice* to practice in this Court in connection with this action and am an attorney with the law firm Mound Cotton Wollan & Greengrass LLP, counsel of record for Defendant Federal Insurance Company ("Federal"). I have personal knowledge of all statements made in this Declaration and, if called as a witness, I could and would competently testify thereto.

2. Plaintiff, Paramount Pictures Corporation ("Paramount"), filed its initial Complaint on August 30, 2021, and thereafter, served the Complaint upon Federal on September 2, 2021.

3. At the time of service of the Complaint, Federal was represented by a different law firm. Federal's prior counsel and counsel for Paramount met and conferred and agreed to extend the time for Federal to respond to the complaint to October 22, 2021.

4. Soon thereafter, prior counsel for Federal determined that it had a potential conflict of interest and withdrew as counsel. On October 1, 2021, Mound Cotton was engaged to represent Federal in this lawsuit.

5. On October 5, 2021, the parties entered into a joint stipulation providing Federal an extension through November 5, 2021 to respond to the Complaint. (ECF 11.) This Court entered an Order on October 19, 2021, granting the extension of time to respond. (ECF 12.)

6. On November 5, 2021, Federal filed its Answer and Affirmative Defenses. (ECF 14.)

7. On November 8, 2021, this Court issued an Order setting a Scheduling Conference for January 24, 2022. (ECF 15.)

8. On January 14, 2022, the parties filed a Stipulation allowing Paramount to file a First Amended and Supplemental Complaint, which added allegations concerning a "Notice of Nonrenewal of Insurance" issued by Federal to Paramount on October 18, 2021. (ECF 22.)

9. This Court issued an Order on January 19, 2022, allowing Paramount to file the First Amended and Supplemental Complaint. (ECF 24.) That same day, Paramount filed the First Amended and Supplemental Complaint. (ECF 25.)

10. In preparation for the Scheduling Conference, the parties filed a Joint Report pursuant to FRCP 26(f) on January 18, 2022. At the January 24, 2022 Scheduling Conference, the Court issued an order that set the fact discovery deadline for June 15, 2022, the motion cut-off date for June 29, 2022, the final pretrial conference for August 29, 2022, and the trial date for September 13, 2022. (ECF 27.)

11. Federal filed its Answer to the First Amended and Supplemental Complaint on February 2, 2022. (ECF 30.)

12. The parties both served their respective Initial Disclosures on February 7, 2022. Paramount's Initial Disclosures identified 18 witnesses (10 of whom were employees of Paramount or its broker, HUB International) who likely have discoverable information. Federal's Initial Disclosures identified 13 witnesses who likely have discoverable information.

13. Thereafter, commencing on February 23, 2022, the parties served document requests, interrogatories, and various deposition notices.

14. Beginning in early February 2022, Federal also began the process of identifying custodians who likely had electronically stored information (ESI) that would be relevant to the litigation based on Paramount's operative complaint. Ultimately, Federal identified approximately 20 custodians, and Federal ran ESI search terms to gather potentially relevant information. In an effort to ensure it identified the documents relevant to the claims in Paramount's operative complaint, Federal used broad search terms, resulting in the identification of more than 175,000 documents. While many of these documents ultimately are not responsive to Paramount's discovery requests (e.g., the search terms pulled up many irrelevant documents that were unrelated to this litigation), Federal's counsel has, to date,

expended hundreds of hours reviewing these documents for production to Paramount. The review process still is ongoing. While Federal began its production of documents on May 2, 2022, it does not expect to complete its document production until the first half of June 2022.

15. Additionally, Federal's counsel has gathered files and ESI from Federal's outside adjuster, Steve Leedecke, and from Federal's forensic accountant, Hannah McCanell. Federal also expects to produce those files by the first half of June 2022.

16. To date, Paramount has not begun its document production to Federal. Although Federal has served deposition notices and/or deposition subpoenas for 6 fact witnesses identified in Paramount's initial disclosures, without Paramount's production of documents, Federal lacks a meaningful way of determining which other fact witnesses to decide to depose while keeping within the federal limit of 10 depositions.

17. Until each party substantially completes its document production and receives and reviews the productions from the other party, as well as from third parties, proceeding with fact depositions substantially limits each party's ability to use key documents and likely trial exhibits during those depositions. Accordingly, fact depositions cannot be completed—in a manner that meaningfully aids the parties, the discovery process, and narrows the issues for trial—until substantially after the fact discovery cut-off of June 15, 2022.

18. Until each party substantially completes its document production and receives and reviews the productions from the other party, as well as from third parties, and takes fact witness depositions, the parties are without the fact discovery critical for meaningful expert disclosures, reports, and discovery. Accordingly, expert disclosures and reports cannot be completed—in a manner that meaningfully aids the parties, the discovery process, and narrows the issues for trial—until substantially after the current deadline of June 15, 2022 for expert reports and

1  disclosures under FRCP 26(a)(2)(D)(i) (requiring disclosure "at least 90 days before
2  the date set for trial").
3        I declare under penalty of perjury under the laws of the United States of
4  America that the foregoing facts are true and correct, and that this Declaration is
5  executed on May 9, 2022 in New York, New York.

                                                           Philip C. Silverberg