Kirk Pasich (SBN 94242)
KPasich@PasichLLP.com
Pamela Woods (SBN 101520)
PWoods@PasichLLP.com
Christopher T. Pasich (SBN 299191)
CPasich@PasichLLP.com
Caitlin S. Oswald (SBN 330974)
COswald@PasichLLP.com
10880 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Telephone:  (424) 313-7860
Facsimile:  (424) 313-7890

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>       Plaintiff,<br><br>     vs.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>       Defendant. | Case No. 2:21-cv-06975 RGK (MAA)<br><br>Hon. R. Gary Klausner<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed August 30, 2021 |

1.     <u>**PURPOSES AND LIMITATIONS**</u>

     Discovery in this action is likely to involve production of confidential, proprietary, and/or private or personal information for which special protection from public disclosure and from use for any purpose other than pursuing this litigation is warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to

enter the following Stipulated Protective Order.  The Parties acknowledge that this Stipulated Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The Parties further acknowledge, as set forth in Section 13.3 below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

2.   **GOOD CAUSE STATEMENT**

This Action is likely to involve discovery of confidential, proprietary, and/or sensitive private or personal information for which special protection from public disclosure and from use for any purpose other than prosecuting this action is warranted.

Such confidential, proprietary, and sensitive materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential commercial information, sensitive personal information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or information which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over the confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this

2

matter.  It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Neither Party has yet agreed that any particular document or type of document is subject to protection hereunder and each reserves all rights to object to a designation.

3.   **DEFINITIONS**

    3.1.   <u>Action</u>: This pending federal lawsuit.

    3.2.   <u>Challenging Party</u>: A Party or Nonparty that challenges the designation of information or items under this Stipulated Protective Order.

    3.3.   <u>CONFIDENTIAL Information or Items</u>: Information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

    3.4.   <u>Counsel</u>: Outside Counsel of Record and In-House Counsel (as well as their support staff).

    3.5.   <u>Designating Party</u>: A Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as CONFIDENTIAL.

    3.6.   <u>Disclosure or Discovery Material</u>: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

    3.7.   <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

3

3.8. <u>In-House Counsel</u>: Attorneys who are employees of a party to this Action.  In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3.9. <u>Nonparty</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

3.10. <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action including those who have appeared in this Action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that Party, including support staff.

3.11. <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, In-House Counsel, and Outside Counsel of Record (and their support staffs).

3.12. <u>Producing Party</u>: A Party or Nonparty that produces Disclosure or Discovery Material in this Action.

3.13. <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

3.14. <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as CONFIDENTIAL.

3.15. <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

## 4.   <u>SCOPE</u>

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or

4

1 presentations by the Parties, In-House Counsel, or Outside Counsel that might
2 reveal Protected Material.

3 Any use of Protected Material at trial shall be governed by the orders of the
4 trial judge and other applicable authorities.  This Stipulated Protective Order does
5 not govern the use of Protected Material at trial.

6 **5.**   **DURATION**

7 Once a case proceeds to trial, the information that was designated as
8 CONFIDENTIAL or maintained pursuant to this Stipulated Protective Order that is
9 used or introduced as an exhibit at trial becomes public and will be presumptively
10 available to all members of the public, including the press, unless compelling
11 reasons supported by specific factual findings to proceed otherwise are made to the
12 trial judge in advance of the trial.  *See Kamakana v. City & County of Honolulu*, 447
13 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for
14 sealing documents produced in discovery from "compelling reasons" standard when
15 merits-related documents are part of court record).

16 With respect to information produced under this Order but not used at trial,
17 even after final disposition of this litigation, the confidentiality obligations imposed
18 by this Order will remain in effect until a Designating Party agrees otherwise in
19 writing or a court order otherwise directs. Final disposition will be deemed to be the
20 later of (1) dismissal of all claims and defenses in this Action, with or without
21 prejudice; and (2) final judgment herein after the completion and exhaustion of all
22 appeals, rehearings, remands, trials, or reviews of this Action, including the time
23 limits for filing any motions or applications for extension of time pursuant to
24 applicable law.

25 **6.**   **DESIGNATING PROTECTED MATERIAL**

26 6.1.   Exercise of Restraint and Care in Designating Material for Protection.
27 Each Party or Nonparty that designates information or items for
28 protection under this Stipulated Protective Order must take care to limit

5

any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulated Protective Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

6.2.   <u>Manner and Timing of Designations</u>.

Except as otherwise provided in this Stipulated Protective Order (*see, e.g.*, Section 6.2(a)), or as otherwise stipulated or ordered, Disclosure of Discovery Material that qualifies for protection under this Stipulated Protective Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulated Protective Order requires the following:

(a)   For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL Legend"), to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must

6

clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Nonparty that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order.  Then, before producing the specified documents, the Producing Party must affix the CONFIDENTIAL Legend to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b)  For testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition, all protected testimony.

(c)  For information produced in some form other than documentary form and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the CONFIDENTIAL Legend.  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

7

6.3.  <u>Inadvertent Failure to Designate</u>.

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Stipulated Protective Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

**7.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

7.1.  <u>Timing of Challenges</u>.  Any Party or Nonparty may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.  <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37-1 et seq., and with Section 4 of Judge Audero's Procedures ("Mandatory Telephonic Conference for Discovery Disputes").[1]

7.3.  <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the applicable confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

---

[1] Judge Audero's Procedures are available at https://www.cacd.uscourts.gov/honorable-maria-audero.

**STIPULATED PROTECTIVE ORDER**

**8.**     <u>**ACCESS TO AND USE OF PROTECTED MATERIALS**</u>

        <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty in connection with this Action only for prosecuting, defending or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the Action reaches a final disposition, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

        Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

        <u>Disclosure of CONFIDENTIAL Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)     The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel;

(e)     Court reporters and their staff;

(f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h)    During depositions, the witness, and attorneys for the witness, in the Action to whom disclosure is reasonably necessary provided: (i) the deposing party requests that the witness sign the "Acknowledgment and Agreement to Be Bound" (form attached as Exhibit A hereto); and (ii) the witness will not be permitted to keep any confidential information unless the witness signs the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i)    Any mediator or settlement officer, and their supporting personnel, mutually agreed upon by  the parties engaged in settlement discussions.

8.2.    Before disclosure of CONFIDENTIAL Information or Items to any person in categories c, f, and/or h above, each such person will be provided with a copy of this Protective Order and shall execute an "Acknowledgement and Agreement to Be Bound" (Exhibit A). The qualified persons listed above shall not distribute, disclose, or otherwise publish or make available CONFIDENTIAL Information or Items to

10

**STIPULATED PROTECTIVE ORDER**

1   any third person unless consented to in writing by the Designating

2   Party, or permitted to do so by the Court.

3   **9.      PROTECTED MATERIAL SUBPOENAED OR ORDERED**

4   **PRODUCED IN OTHER LITIGATION**

5   If a Party is served with a subpoena or a court order issued in other litigation

6   that compels disclosure of any information or items designated in this Action as

7   CONFIDENTIAL that Party must:

8   (a)   Promptly notify in writing the Designating Party.  Such

9   notification shall include a copy of the subpoena or court order;

10  (b)   Promptly notify in writing the party who caused the subpoena or

11  order to issue in the other litigation that some or all of the

12  material covered by the subpoena or order is subject to this

13  Stipulated Protective Order.  Such notification shall include a

14  copy of this Stipulated Protective Order; and

15  (c)   Cooperate with respect to all reasonable procedures sought to be

16  pursued by the Designating Party whose Protected Material may

17  be affected.

18  If the Designating Party timely seeks a protective order, the Party served with

19  the subpoena or court order will not produce any information designated in this

20  action as CONFIDENTIAL before a determination by the court from which the

21  subpoena or order issued, unless the Party has obtained the Designating Party's

22  permission.  The Designating Party will bear the burden and expense of seeking

23  protection in that court of its confidential material and nothing in these provisions

24  should be construed as authorizing or encouraging a Receiving Party in this Action

25  to disobey a lawful directive from another court.

26

27

28

**10. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

10.1. Application.

The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as CONFIDENTIAL. Such information produced by Nonparties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

10.2. Notification.

In the event that a Party is required, by a valid discovery request, to produce a Nonparty's confidential information in its possession, and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's confidential information, then the Party shall:

(a) Promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

(b) Promptly provide the Nonparty with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) Make the information requested available for inspection by the Nonparty, if requested.

10.3. Conditions of Production.

If the Nonparty fails to seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's

12

confidential information responsive to the discovery request.  If the Nonparty timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a determination by the Court.  Absent a court order to the contrary, the Nonparty shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

If a Producing Party inadvertently produces information or documents that it considered privileged, in whole or in part, it may retrieve such information or documents or parts thereof as follows:

(a)   Within twenty (20) days of the discovery of the inadvertent production, and no later than forty-five (45) days prior to trial, the Producing Party must give written notice to all parties who received copies of the produced document that the Producing Party claims said document, in whole or in part, to be privileged and must state the nature of the privilege; in the event that only

13

part(s) of document(s) are claimed to be privileged, the Producing Party shall furnish redacted copies of such privileged documents, removing only the part(s) thereof claimed to be privileged, to all parties together with the notice (the "Inadvertent Production of Privileged Materials Notice").

    (b)    Upon receipt of such Inadvertent Production of Privileged Materials Notice, all parties who have received copies of the inadvertently produced document(s) shall destroy all other copies thereof and confirm destruction thereof except to the extent reasonably necessary and promptly present the information to the Court under seal for a determination of the claim pursuant to Federal Rule of Civil Procedure 26(b)(5)(B).

    (c)    After service of such notice, no motion to compel the production of the inadvertently produced privileged documents may rely on an allegation that any privilege as to the documents was waived solely by virtue of its inadvertent production.

## 13.   <u>MISCELLANEOUS</u>

### 13.1.   <u>Right to Further Relief</u>.

Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

### 13.2.   <u>Right to Assert Other Objections</u>.

By stipulating to the entry of this Stipulated Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

### 13.3.   <u>Filing Protected Material</u>.

A Party that seeks to file under seal any Protected Material must comply with Local Civil Rule 79-5.  Protected Material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

## 14.   **FINAL DISPOSITION**

After the final disposition of this Action as defined in paragraph 5, within sixty (60) days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed, and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 5 (DURATION).

## 15.   <u>VIOLATION</u>

Any willful or reckless violation of this Stipulated Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions, or other appropriate action at the discretion of the Court.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

DATED:  May 19, 2022                    PASICH LLP

By: */s/ Pamela Woods*
_____
Pamela Woods

Attorneys for Plaintiff

DATED:  May 19, 2022                    MOUND COTTON WOLLAN &
GREENGRASS LLP

By: */s/ Philip C. Silverberg*
_____
Philip C. Silverberg

Attorneys for Plaintiff

DATED:  May 19, 2022                    KELLER ANDERLE LLP

By: */s/ Jeremy Stamelman*
_____
Jeremy Stamelman

Attorneys for Plaintiff

### <u>Filer Attestation</u>

Pursuant to Local Rule 5-4.3.4, I, Pamela Woods, attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: May 19, 2022          By:   */s/ Pamela Woods*
_____
Pamela Woods

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

DATED: _____          _____

         July 18, 2022

Maria A. Audero
United States Magistrate Judge

---

17

**STIPULATED PROTECTIVE ORDER**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [full name], of _____

_____[address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Central District of California on _____

[date] in the case of _____ [case name and

number]. I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order, and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance

with the provisions of this Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action. I hereby appoint _____ [full name]

of _____ [address and telephone number] as my

California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.

Signature: _____

Printed Name: _____

Date: _____

City and State Where Sworn and Signed: _____

**STIPULATED PROTECTIVE ORDER**