Jennifer L. Keller (SBN 84412)
jkeller@kelleranderle.com
Jeremy W. Stamelman (SBN 216097)
jstamelman@kelleranderle.com
KELLER/ANDERLE LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612
Tel.:  (949) 476-8700
Fax:  (949) 476-0900

Jonathan Gross (SBN 122010)
Philip C. Silverberg, *pro hac vice*
psilverberg@moundcotton.com
Hilary M. Henkind, *pro hac vice*
hhenkind@moundcotton.com
MOUND COTTON WOLLAN & GREENGRASS LLP
2200 Powell Street, Suite 1050
Emeryville, California 94608
Tel.:  (510) 900-9371
Fax:  (510) 900-9381

*Attorneys for Defendant Federal
Insurance Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARAMOUNT PICTURES CORPORATION, a Delaware corporation,<br><br>                    Plaintiff,<br><br>vs.<br><br>FEDERAL INSURANCE COMPANY, an Indiana corporation,<br><br>                    Defendant. | Case No. 2:21-cv-06975-RGK (MAA)<br>The Honorable R. Gary Klausner<br><br>**AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL INSURANCE COMPANY TO PARAMOUNT PICTURES CORPORATION'S FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**<br><br>Complaint Filed:   August 30, 2021<br>FAC Filed:          January 19, 2022<br><br>Trial Date:  September 13, 2022 |

Defendant Federal Insurance Company ("Federal") responds to the allegations contained in Plaintiff's First Amended and Supplemental Complaint (ECF No. 25) ("FASC") as follows:

## NATURE OF THIS LAWSUIT

1.    Federal denies the allegations contained in paragraph 1 of the FASC, except it admits that it issued an Inland Marine Policy No. 7997-43-91 (the "Policy") to Paramount Pictures Corporation, effective from September 3, 2019 to December 31, 2021.

2.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the FASC regarding production delay. Federal denies the remaining allegations contained in paragraph 2 of the FASC.

3.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the FASC regarding the extent of Paramount's losses. Federal denies the remaining allegations contained in paragraph 3 of the FASC.

4.    Federal denies the allegations contained in paragraph 4 of the FASC, except admits that in October 2021, it sent Paramount a Notice of Nonrenewal, advising that coverage would not be renewed upon the expiration of the Policy on December 31, 2021.

5.    Federal denies the allegations contained in paragraph 5 of the FASC.

## JURISDICTION AND VENUE

6.    Federal admits that this Court has subject matter jurisdiction.

7.    Federal admits that the Court has personal jurisdiction over Federal.

8.    Federal admits that venue is proper in this district. Federal denies the remaining allegations contained in paragraph 8 of the FASC as stated.

## THE PARTIES

9.    Federal admits that Paramount is the studio behind the picture *Mission:*

1

*Impossible 7 and Mission: Impossible 8*.   Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the FASC and therefore denies those allegations.

10.   Federal admits the allegations contained in paragraph 10 of the FASC.

11.   Federal admits that it is a member of the "Chubb group of insurance companies," which is merely a descriptive phrase used to describe several separately capitalized insurance companies under common ownership.  Federal further responds that it is a wholly owned subsidiary of Federal Insurance Company, which is 80% owned by Chubb Group Holdings Inc. and 20% owned by Chubb Limited.  Chubb Group Holdings Inc. is a wholly owned subsidiary of Chubb Limited.

12.   Federal admits that a website is maintained.  The content on the website referenced by Plaintiff in paragraph 10 of the FASC speaks for itself.  Federal denies the remaining allegations contained in paragraph 12 of the FASC in that they are incomplete and inaccurate as to the content of the website.

13.   The content on the website referenced by Plaintiff in paragraph 13 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

14.   The content on the website referenced by Plaintiff in paragraph 14 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

15.   The content on the website referenced by Plaintiff in paragraph 15 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

16.   The content on the website referenced by Plaintiff in paragraph 16 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

17.   The content on the website referenced by Plaintiff in paragraph 17 of the FASC speaks for itself, and Federal denies that the allegations contained in the

FASC are complete and accurate as to that content.

18.     The content on the website referenced by Plaintiff in paragraph 18 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

19.     The content on the website referenced by Plaintiff in paragraph 19 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

### **FEDERAL'S KNOWLEDGE OF THE RISK OF A PANDEMIC**

20.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the FASC and therefore denies those allegations.  By way of further response, the content on the website referenced by Plaintiff in paragraph 20 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

21.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the FASC and therefore denies those allegations.  By way of further response, the content on the website referenced by Plaintiff in paragraph 21 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

22.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the FASC and therefore denies those allegations.  By way of further response, the content on the website referenced by Plaintiff in paragraph 22 of the FASC speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.

23.     Federal denies the allegations contained in paragraph 23 of the FASC.

24.     Federal denies the allegations contained in paragraph 24 of the FASC

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL
INSURANCE COMPANY TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

1  that are directed at Federal, but is without knowledge or information sufficient to
2  form a belief as to the truth of the allegations contained in paragraph 24 that are
3  directed toward other insurers.

4      25.    Federal is without knowledge or information sufficient to form a belief
5  as to the truth of the allegations contained in paragraph 25 of the FASC and therefore
6  denies those allegations.  By way of further response, the content on the website
7  referenced by Plaintiff in paragraph 25 of the FASC speaks for itself, and Federal
8  denies that the allegations contained in the FASC are complete and accurate as to that
9  content.

10     26.    Federal is without knowledge or information sufficient to form a belief
11 as to the truth of the allegations contained in paragraph 26 of the FASC and therefore
12 denies those allegations.  By way of further response, the content on the website
13 referenced by Plaintiff in paragraph 26 of the FASC speaks for itself, and Federal
14 denies that the allegations contained in the FASC are complete and accurate as to that
15 content.

16     27.    Federal is without knowledge or information sufficient to form a belief
17 as to the truth of the allegations contained in paragraph 27 concerning other insurance
18 companies.  With respect to the allegations directed at "Chubb," Federal denies the
19 allegations contained in paragraph 27 of the FASC, except admits that it issued
20 Plaintiff the Policy and refers to the Policy for its terms and conditions.

21     28.    Federal is without knowledge or information sufficient to form a belief
22 as to the truth of the allegations contained in paragraph 28 of the FASC and therefore
23 denies those allegations.  By way of further response, the content in the article
24 referenced by Plaintiff in paragraph 28 of the FASC speaks for itself, and Federal
25 denies that the allegations contained in the FASC are complete and accurate as to that
26 content.

27
28

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL
INSURANCE COMPANY TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

29.     Federal denies the allegations contained in paragraph 29 of the FASC, except admits that it issued Plaintiff the Policy and refers to the Policy for its terms and conditions.

### THE POLICY

30.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the FASC.

31.     Federal admits that it issued Inland Marine Insurance Policy No. 7997-43-91 (the "Policy") for the stated period of September 3, 2019, to December 31, 2021.  By way of further response, the content on the Policy speaks for itself, and Federal denies that the allegations contained in the FASC are complete and accurate as to that content.  Federal denies the remaining allegations contained in paragraph 31 of the FASC, including any characterization of the Policy.

32.     Federal admits that, in April 2020, the broker sent an email to Federal and that, on April 21, 2020, Federal responded to that email. Federal further responds that the contents of those emails speak for themselves, and it denies that the allegations contained in paragraph 32 of the FASC are complete and accurate as to that content.

33.     Federal denies the allegations contained in paragraph 33 of the FASC except admits that it corrected the stated expiration date from September 30, 2020 to December 31, 2021 to reflect the correct expiration date.

34.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 34 of the FASC, including any characterization of the Policy.

35.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 35 of the FASC, including any characterization of the Policy.

36.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 36 of the FASC, including any characterization of the Policy.

37.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 37 of the FASC, including any characterization of the Policy.

38.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 38 of the FASC, including any characterization of the Policy.

39.     Federal responds that the Policy speaks for itself.  Federal denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 39 of the FASC, including any characterization of the Policy.

40.     Federal responds that the Policy speaks for itself. Federal denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 40 of the FASC, including any characterization of the Policy.

41.     Federal responds that the Policy speaks for itself. Federal denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 41 of the FASC, including any characterization of the Policy.

42.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 42 of the FASC, including any characterization of the Policy.

43.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 43 of the FASC, including any characterization of the Policy.

44.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 44 of the FASC, including any characterization of the Policy.

45.     Federal responds that the Policy speaks for itself, and it denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 45 of the FASC, including any characterization of the Policy.

46.     Federal responds that the Policy speaks for itself.  Federal denies that the allegations contained in the FASC are complete and accurate as to that content. Federal denies the remaining allegations contained in paragraph 46 of the FASC, including any characterization of the Policy.

## THE COVID-19 PANDEMIC AND THE
## ENSUING CIVIL AUTHORITY ORDERS

47.     Federal admits the allegations contained in paragraph 47 of the FASC.

48.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the FASC and therefore denies those allegations.

49.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the FASC and therefore denies those allegations.

50.     Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the FASC and therefore denies those allegations.

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL
INSURANCE COMPANY TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

51.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the FASC and therefore denies those allegations.

52.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the FASC and therefore denies those allegations.

53.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the FASC and therefore denies those allegations.

54.    Federal admits that various orders of civil authority were issued at local and state levels in or around March 2020 arising out of the COVID-19 pandemic and Federal refers to those orders for their terms.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 54 of the FASC and therefore denies those allegations.

55.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the FASC and therefore denies those allegations.

## **FEDERAL'S BREACHES AND WRONGFUL CONDUCT**

56.    Federal admits the allegations contained in paragraph 56 of the FASC.

57.    Upon information and belief, Federal admits the allegations contained in paragraph 57 of the FASC.

58.    Upon information and belief, Federal admits the allegations contained in paragraph 58 of the FASC.

59.    Upon information and belief, Federal admits that, in or about October 2020, production shut down.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 59 of the FASC and therefore denies those allegations.

60.    Upon information and belief, Federal admits that, on or after October

21, 2020, production was suspended.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 60 of the FASC and therefore denies those allegations.

61.    Upon information and belief Federal admits that production was suspended in or around February 2021 in the UK.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 61 of the FASC and therefore denies those allegations.

62.    Federal is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the FASC and therefore denies those allegations.

63.    Upon information and belief, Federal admits that production was suspended in or around June 2021.  Federal is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 63 of the FASC and therefore denies those allegations.

64.    Federal denies the allegations contained in paragraph 64, except admits that Plaintiff provided Federal with certain information pertaining to its alleged losses.

65.    Federal denies the allegations contained in paragraph 65, except admits that Plaintiff provided Federal with certain information pertaining to its alleged losses.

66.    Federal admits that it responded to Plaintiff's information regarding alleged losses, but it denies that the allegations contained in the FASC are complete and accurate as to that content or as to context.  Federal denies the remaining allegations contained in paragraph 66 of the FASC, including any characterization of Federal's communications with Plaintiff and refers to the correspondence for its terms.

67.    Federal admits that it corresponded with Plaintiff regarding Plaintiff's alleged losses, but it denies that the allegations contained in the FASC are complete

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL
INSURANCE COMPANY TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

and accurate as to that content or as to context.  Federal denies the remaining allegations contained in paragraph 67 of the FASC, including any characterization of those communications and refers to the correspondence for its terms.

68.     Federal admits that it corresponded with Plaintiff regarding Plaintiff's alleged losses, but it denies that the allegations contained in the FASC are complete and accurate as to that content or as to context.  Federal denies the remaining allegations contained in paragraph 68 of the FASC, including any characterization of those communications and refers to the correspondence for its terms.

69.     Federal denies the allegations contained in paragraph 69 of the FASC.

70.     Federal denies the allegations contained in paragraph 70 of the FASC except admits that Paramount is entitled to certain sums under the Cast coverage provision arising out of a covered person's illness in February 2020, as well as the $1,000,000 limit of liability under the Civil Authority provision of the Policy, which already was paid by Federal on or about October 1, 2021.

71.     Federal admits that on or about July 19, 2021, it made a payment to Plaintiff in the amount of $5,000,000 under the Cast coverage provision and that, on or about October 1, 2021, Federal made a payment to Plaintiff in the amount of $1,000,000 under the Civil Authority provision of the Policy.  Moreover, Plaintiff recently has provided additional supporting information concerning the covered person's illness and Federal is reviewing that information to determine whether additional sums are owed under the Cast Coverage provision. Federal denies the remaining allegations contained in paragraph 71 of the FASC, including any characterization of its communications regarding this payment.

72.     Federal admits the allegations contained in paragraph 72 of the FASC.

73.     Federal admits that Paramount sent an email response to Federal on November 8, 2021. Federal denies the remaining allegations contained in paragraph 73 of the FASC, including any characterization of the November 8, 2021 email and refers to that correspondence for its terms.

74.     Federal admits that it sent an email to Paramount on December 3, 2021. Federal denies the remaining allegations contained in paragraph 74 of the FASC, including any characterization of the December 3, 2021 email and refers to that correspondence for its terms.

75.     Federal admits that it sent a "without prejudice" proposal regarding an extension of the Policy to Paramount on December 10, 2021. Federal denies the remaining allegations contained in paragraph 75 of the FASC, including any characterization of the December 10, 2021 email and refers to that correspondence for its terms.

76.     Federal admits that Paramount rejected the terms of Federal's December 10, 2021 proposal. Federal denies the remaining allegations contained in paragraph 76 of the FASC, including any characterization of the Paramount's email and refers to that correspondence for its terms.

77.     Federal admits that it sent an email to Paramount on December 21 2021, advising that the Notice of Nonrenewal applies to the entire Policy.  Federal denies the remaining allegations contained in paragraph 77 of the FASC, including any characterization of the December 21, 2021 email and refers to that correspondence for its terms.

78.     Federal admits that Paramount sent an email on December 30, 2021. Federal denies the remaining allegations contained in paragraph 78 of the FASC, including any characterization of the Paramount's December 30, 2021 email and refers to that correspondence for its terms.

79.     Federal admits that it sent an email to Paramount on December 31 2021, advising that the Notice of Nonrenewal applies to the entire Policy.  Federal denies the remaining allegations contained in paragraph 79 of the FASC, including any characterization of the December 31, 2021 email and refers to that correspondence for its terms.

80.     Federal admits that Paramount sent an email on January 6, 2022. Federal

1   denies the remaining allegations contained in paragraph 80 of the FASC, including

2   any characterization of the Paramount's January 6, 2022 email and refers to that

3   correspondence for its terms.

4   **FIRST CAUSE OF ACTION**

5   **(Breach of Contract Regarding Coverage for *Mission: Impossible 7* Losses)**

6   81.   Federal re-adopts and re-alleges its responses to paragraphs 1 through

7   71 of the FASC.

8   82.   Federal responds that the Policy speaks for itself, and it denies that the

9   allegations contained in the FASC are complete and accurate as to that content.

10  Federal denies the remaining allegations contained in paragraph 82 of the FASC,

11  including any characterization of the Policy.

12  83.   Federal denies the allegations contained in paragraph 83 of the FASC.

13  **SECOND CAUSE OF ACTION**

14  **(Breach of Contract Regarding Term of Coverage)**

15  84.   Federal re-adopts and re-alleges its responses to paragraphs 1 through

16  80 of the FASC.

17  85.   Federal denies the allegations contained in paragraph 85 of the FASC

18  including any characterization of the Policy, and refers to the Policy for its terms.

19  86.   Federal denies the allegations contained in paragraph 86 of the FASC.

20  87.   Federal denies the allegations contained in paragraph 87 of the FASC.

21  **THIRD CAUSE OF ACTION**

22  **(Breach of The Implied Covenant of Good Faith and Fair Dealing)**

23  88.   Federal re-adopts and re-alleges its responses to paragraphs 1 through

24  87 of the FASC.

25  89.   Paragraph 89 of the FASC contains a statement of law as to which no

26  response is required.  To the extent a response is required, Federal states that, at all

27  relevant times, it acted in good faith and dealt fairly with Paramount.

28  90.   Paragraph 90 of the FASC contains a statement of law as to which no

1  response is required. To the extent a response is required, Federal states that, at all
2  relevant times, it upheld the duty to honor the terms of insurance promised under the
3  Policy.

4       91.   Federal denies the allegation contained in paragraph 91 of the FASC.

5       92.   Federal denies the allegation contained in paragraph 92 of the FASC.

6       93.   Federal denies the allegation contained in paragraph 93 of the FASC.

7       94.   Federal denies the allegation contained in paragraph 94 of the FASC.

8       95.   Federal denies the allegation contained in paragraph 95 of the FASC.

9       96.   Federal denies the allegation contained in paragraph 96 of the FASC.

10 **FOURTH CAUSE OF ACTION**

11 **(Fraud- Promise Made Without Intent to Perform)**

12      97.   Federal re-adopts and re-alleges its responses to paragraphs 1 through
13 80, 85, and 86 of the FASC.

14      98.   Federal denies the allegations contained in paragraph 98 of the FASC

15      99.   Federal denies the allegations contained in paragraph 99 of the FASC

16      100.  Federal denies the allegations contained in paragraph 100 of the FASC

17      101.  Federal denies the allegations contained in paragraph 101 of the FASC

18      102.  Federal denies the allegations contained in paragraph 102 of the FASC

19      103.  Federal denies the allegations contained in paragraph 103 of the FASC

20      104.  Federal denies the allegations contained in paragraph 104 of the FASC

21      105.  Federal denies the allegations contained in paragraph 105 of the FASC

22      106.  Federal denies the allegations contained in paragraph 106 of the FASC

23      107.  Federal denies the allegations contained in paragraph 107 of the FASC

24      108.  Federal denies the allegations contained in paragraph 108 of the FASC

25 **FIFTH CAUSE OF ACTION**

26 **(Fraud in the Inducement)**

27      109.  Federal re-adopts and re-alleges its responses to paragraphs 1 through
28 80, 85, and 86, and 98 through 104 of the FASC.

13

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL
INSURANCE COMPANY TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

1    110.  Federal denies the allegations contained in paragraph 110 of the FASC.

2    111.  Federal denies the allegations contained in paragraph 111 of the FASC.

3    112.  Federal denies the allegations contained in paragraph 112 of the FASC.

4    113.  Federal denies the allegations contained in paragraph 113 of the FASC.

5    114.  Federal denies the allegations contained in paragraph 114 of the FASC.

6    115.  Federal denies the allegations contained in paragraph 115 of the FASC.

7    116.  Federal denies the allegations contained in paragraph 116 of the FASC.

8    117.  Federal denies the allegations contained in paragraph 117 of the FASC.

9    **<u>SIXTH CAUSE OF ACTION</u>**

10   **(Negligent Misrepresentation)**

11   118.  Federal re-adopts and re-alleges its responses to paragraphs 1 through

12   80, 85, and 86, and 98 through 104 of the FASC.

13   119.  Federal denies the allegations contained in paragraph 119 of the FASC.

14   120.  Federal denies the allegations contained in paragraph 120 of the FASC.

15   121.  Federal denies the allegations contained in paragraph 121 of the FASC.

16   122.  Federal denies the allegations contained in paragraph 122 of the FASC.

17   123.  Federal denies the allegations contained in paragraph 123 of the FASC.

18   124.  Federal denies the allegations contained in paragraph 124 of the FASC.

19   125.  Federal denies the allegations contained in paragraph 115 of the FASC.

20   **<u>SEVENTH CAUSE OF ACTION</u>**

21   **(Declaratory Relief)**

22   126.  Federal re-adopts and re-alleges its responses to paragraphs 1 through

23   80 of the FASC.

24   127.  Federal denied the allegations contained in paragraph 127 of the FASC

25   except admits that Paramount contends that the Policy remains in effect until "twenty

26   four (24) months following the completion of principal photography or until

27   protective material is stored in the mine vault, whichever occurs first."

28   128.  Federal admits the allegations contained in paragraph 128 of the FASC.

14

129.   Federal admits the allegations contained in paragraph 129 of the FASC.

130.   Federal admits that Paramount seeks a judicial declaration but denies that Paramount is entitled to a declaration in accordance with its contentions.

131.   Federal admits the allegations contained in paragraph 131 of the FASC.

## PRAYER

132.   Federal denies that Plaintiff is entitled to any of the relief sought in the FASC, and it denies that Plaintiff suffered any damage by reason of Federal's conduct.

## DEMAND FOR JURY TRIAL

133.   Federal admits that Plaintiff is seeking a jury trial in this action.  Federal denies that Plaintiff is entitled to a trial by jury to the extent not permitted by applicable law and/or the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

134.   Federal asserts the following separate and additional affirmative defenses to the allegations and claims in the FASC.  Without assuming any burden of proof that it would not otherwise bear, Federal pleads all of the following defenses in the alternative, and none constitutes an admission that Federal is in any way liable to Plaintiff, that Plaintiff has been or will be injured or damaged in any way, or that Plaintiff is entitled to any relief.  If these are matters Plaintiff must prove, Federal does not waive its rights by asserting these matters as defenses.  Each affirmative defense applies to all Counts and all claims for relief, unless otherwise specified in the defense.

## FIRST AFFIRMATIVE DEFENSE

135.   The claims asserted by Plaintiff are not supported by California insurance law and/or California insurance regulations.

## SECOND AFFIRMATIVE DEFENSE

136.   Coverage is not or may not be available for the claims against Federal based on, and/or coverage may be limited or barred by, the terms, exclusions,

conditions, and limitations contained in the Policy.

## **THIRD AFFIRMATIVE DEFENSE**

137.    The Cast coverage provision of the Policy provides, in part, as follows:

I.    INSURING AGREEMENT

A.    We agree to pay to You such loss (as defined in Paragraph VI. DEFINITION OF LOSS below) as You shall directly and solely sustain by reason of any covered person(s) in connection with an insured production, being necessarily prevented by their death, injury, sickness or kidnapping occurring during the term of the insurance afforded by this Section, from commencing or continuing or completing their respective duties in an insured production.

***

VI.    DEFINITION OF LOSS

1.    Loss, as used in this Section, shall mean any extra expenditure You incur in completing an insured production over and above the expenditure which, but for the happening of any one or more of the occurrences specified in Paragraph I. INSURING AGREEMENT above, would have been incurred in completing said production. Extra expenditure refers to the same costs defined in Provision VII. DEFINITIONS. B. Net Insurable Production Costs, of the Policy Terms and Conditions.

(Policy Form 10-02-1749, pp. 11-14.)

138.    To the extent that no "covered person" was prevented by their death, injury, sickness or kidnapping from commencing or continuing or completing their respective duties in an insured production, Cast Coverage is not available..

## **FOURTH AFFIRMATIVE DEFENSE**

139.    The Policy contains the following Civil Authority coverage provision:

I.    INSURING AGREEMENT

A.    We will pay You such loss (as defined in Paragraph

16

VII. DEFINITIONS OF LOSS below) as you shall sustain by reason of such extra expense as you incur in the event of the interruption, postponement or cancellation of an insured production as a direct result of damage to or destruction of property or facilities or threat thereof, caused by the perils insured against, occurring during the term of coverage (as defined in PARAGRAPH IV. TERMS OF COVERAGE below).

B.     Coverage is extended to include loss (as defined in PARAGRAPH VII. DEFINITION OF LOSS below) directly resulting from the following:

***

2. The action of a Civil Authority that prohibits access to property or facilities occurring during the term of coverage subject to a maximum sublimit of liability shown in Item II(i). of the COVERAGE SCHEDULE under EXTRA EXPENSE in excess of Your applicable per occurrence Deductible....

(Policy Form 10-02-1749, pp. 15-18.)

140.   Costs incurred for COVID-19-related safety protocols are not directly resulting from an action of a Civil Authority that prohibits access to property or facilities. By virtue of the above-excerpted policy language, Plaintiff's recovery for the claims asserted in this litigation is limited or barred in whole or in part.

## FIFTH AFFIRMATIVE DEFENSE

141.   The Policy also contains the following conditions:
VI.   GENERAL CONDITIONS

***

F.     DUE DILIGENCE CLAUSE

You shall use due diligence and do and concur in doing all things reasonably practicable to avoid or diminish any loss or any circumstance likely to give rise to a loss or claim insured under this policy. It is agreed that this policy extends to indemnity [sic] You for Your loss and/or additional expenses and/or increased costs

17

incurred by You to avoid or diminish any such loss or claim, subject to any Deductible stated on the COVERAGE SCHEDULE, provided, however, that in no circumstance shall Our maximum liability under this policy be greater than the increased costs and/or additional expenses incurred, or in any event exceed the limits of liability of this policy.

***

M.   LOSS PROCEDURE

In case of a loss to which this insurance may apply, You shall see that the following duties are performed:

> 1.   Protection of Property - Protect the property from further loss and take all reasonable steps possible to minimize the loss. If expenses are incurred in doing so, they shall be borne by Us, as described in Provision VI. GENERAL CONDITIONS, F. DUE DILIGENCE CLAUSE, of the Policy Terms and Conditions.

(Policy Form 10-02-1749, pp. 6, 8.)

142.   By virtue of the above-excerpted policy language, Plaintiff's recovery for the claims asserted in this litigation is limited or barred in whole or in part.

## SIXTH AFFIRMATIVE DEFENSE

143.   The Policy also states that Federal's "limit of liability with respect to any one loss, any one declared production shall not exceed the limit of liability stated on the COVERAGE SCHEDULE. Any sublimits of liability do not increase the limit of liability. The limit of liability is in excess of the deductibles stated on the COVERAGE SCHEDULE." (Policy Form 10-02-1749, pp. 3.)

144.   By virtue of the above-excerpted policy language, Plaintiff's recovery for the claims asserted in this litigation is limited or barred in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

145.   In the event that this Court determines that sums are owed by Federal for "return-to-work" costs, additional premium may be owed under the PREMIUM

18

PAYMENT AND AUDIT provisions of the Policy (Policy form 10-02-1749, p. 3.)

## EIGHTH AFFIRMATIVE DEFENSE

146.   The burden is on Plaintiff to prove its respective damages and the cause of its respective damages, in accordance with the terms and conditions of the Policy. To the extent Plaintiff is unable to do so, no coverage is or may be available for the claims against Federal.

## NINTH AFFIRMATIVE DEFENSE

147.   Federal has not breached any duty to Plaintiff arising by statute, contract, tort, common law, or otherwise.

## TENTH AFFIRMATIVE DEFENSE

148.   Plaintiff is barred from recovering any damages or other relief by reason of the lack of consideration that defeats the effectiveness of the alleged contract between the parties.

## ELEVENTH AFFIRMATIVE DEFENSE

149.   Plaintiff's claim for breach of the implied covenant of good faith and fair dealing is barred because Federal has complied with the terms of the insurance contract.

## TWELFTH AFFIRMATIVE DEFENSE

150.   The Policy contains the following "Nonrenewal" condition in Form 04-02-0865 (New York Conditions – Cancellation And When We Do Not Renew Endorsement):

> If we elect not to renew this policy, we will send notice as provided in the Notice of Nonrenewal and Conditional Renewal provision below: . . . .
>
> **Notice of Nonrenewal and Conditional Renewal**
>
> A. If we elect not to renew this policy or to conditionally renew this policy as provided in the Nonrenewal and Conditional

Renewal provisions above, the company will mail or deliver written notice to the first named insured's last known address and the authorized agent or broker, at least 60 but not more than 120 days before:

1.  the expiration date; or

2.  the anniversary date if this is a continuous policy.

B.  Notice will be mailed or delivered to the first named insured at the address shown in the policy and to the authorized agent or broker. . . .

C.  Notice will include the specific reason(s) for nonrenewal or conditional renewal, including the amount of any premium increase for conditional renewal and description of any other changes.

151.   Federal properly issued a notice of nonrenewal pursuant to the Nonrenewal Condition to Plaintiff on October 18, 2021.

## THIRTEENTH AFFIRMATIVE DEFENSE

152.   Federal presently has insufficient knowledge and information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses.   Federal reserves its right to assert additional affirmative defenses in the event discovery or investigation indicates it would be appropriate.

## FOURTEENTH AFFIRMATIVE DEFENSE

153.   Paramount is barred from any recovery in this action by the doctrine of unclean hands.

WHEREFORE, Federal prays as follows:

1.      That the Court enter judgment in Federal's favor and against Plaintiff;

2.      That Plaintiff takes nothing by way of the FASC;

3.      That the Court adjudge, determine, and declare that Federal is not obligated to extend the Policy;

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL
INSURANCE COMPANY TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

4.      That the Court deny Plaintiff's request for punitive damages;

5.      That the Court award Federal the costs of this litigation; and

6.      For such other and further relief as the Court deems just and proper.

Dated:  July 26, 2022                     KELLER/ANDERLE LLP

                                          By:   */s/ Jennifer L. Keller*
                                          Jennifer L. Keller
                                          Jeremy W. Stamelman

                                          *Attorneys for Defendant Federal Insurance Company*

Dated:  July 26, 2022                     MOUND COTTON WOLLAN & GREENGRASS LLP

                                          By:   */s/ Philip C. Silverberg*
                                          Jonathan Gross
                                          Philip C. Silverberg, *pro hac vice*
                                          Hilary M. Henkind, *pro hac vice*

                                          *Attorneys for Defendant Federal Insurance Company*

AMENDED ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT FEDERAL
INSURANCE COMPANY TO FIRST AMENDED AND SUPPLEMENTAL COMPLAINT